

David Henry Baum, U.S. Attorney's Office, Washington, DC, for U.S.

Wendy Helene Schwartz, The Lewis Law Firm, P.C., Washington, DC, Joanne Roney Hepworth, J. Roney Hepworth & Associates, Washington, DC, for Gary Stephen West, defendant.

**UNITED STATES of America**

v.

**Gary Stephen WEST.**

**Criminal No. 94–0102(JHG).**

United States District Court, District of Columbia.

Dec. 21, 1998.

*MEMORANDUM OPINION AND ORDER*

JOYCE HENS GREEN, District Judge.

The United States Probation Office has requested a hearing to extend defendant's supervised release for a period of two years in order to permit the probation office to continue collecting defendant's monthly restitution payments. For the reasons discussed below, the request for a hearing and extension of supervised release is denied.

*I. Background*

On March 31, 1994, defendant, Gary Stephen West, pleaded guilty to an information charging him with one count of bank fraud in violation of 18 U.S.C. § 1344. West admitted his involvement in two fraudulent schemes. In the first scheme, West, as the owner of a courier service, was hired to transport checks from the Maryland Office of Child Support Enforcement to a local bank. West diverted approximately $143,000 of these checks to his own personal account. In the second scheme, West stole credit card account numbers, set up a phony merchant account, and attempted to use the stolen information to process more than $413,000.00 in fraudulent credit card transactions.

On August 30, 1995, this Court sentenced West to twenty-four months imprisonment with credit for time served, a $50.00 special assessment, and three years supervised release.[1] Although this Court imposed a sentence of three years supervised release, § 1344 carried a five-year maximum, and § 5D1.2(a) of the United States Sentencing Guidelines provided for three to five years. In addition, West was ordered to make restitution in the amount of $125,045.28, less credit for money and assets previously seized by the government.

West was released from confinement on March 15, 1996. He immediately began his term of supervised release, which is due to expire on March 14, 1999. West's probation officer reports that West has been paying $400.00 per month restitution. *See* October 19, 1998 letter from United States Probation Office (hereinafter "Letter") at 1. Although the probation officer does not indicate how long West has been making these payments, the restitution debt has been reduced by nearly $50,000.00. The total unpaid restitution as of October 19, 1998 is $75,310.30. *See* Letter at 2. The Court has received no report indicating that West has violated the terms of his supervised release in any way.

To encourage West to continue meeting his restitution obligations, the probation office suggests the Court extend West's supervised release for a period of two years to permit the probation office to continue collecting the $400.00 per month restitution. West has not defaulted on these payments and continues to remit them in a timely fashion. *See* Letter at 1. According to the probation office, West objects to the extension of his supervised release, and the United States Attorney has not taken a position on the matter. *See* Letter at 2. The Court has been informed that it is not unusual for the probation office to suggest an extension in circumstances such as these. I write to address the problematic nature of this practice.

## II.  Discussion

■ It is clear that the Court may extend, or even revoke, supervised release when a defendant has wilfully failed to make restitution payments. *See* 18 U.S.C. § 3613A ("Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may ... revoke ... a term of supervised release, modify the terms or conditions of ... supervised release...."); *see also United States v. Dubose,* 146 F.3d 1141, 1144 (9th Cir.1998) (discussing the various options courts have with respect to supervised release when a defendant defaults on a restitution order).

■ The probation office maintains that under 18 U.S.C. § 3583(e)(2), this Court has the authority to extend supervised release even when a defendant is not in default on restitution payments and has not violated the terms of his supervised release. Section 3583(e)(2) states that a court may "extend a term of supervised release if less than the maximum authorized term was previously imposed." The statute provides, however, that before extending the supervised release, the court must consider certain factors set forth in 18 U.S.C. §§ 3553(a)(1) ("nature and circumstances of offense"), (a)(2)(B) (deterrence), (a)(2)(C) (public protection), (a)(2)(D) (provide defendant with educational, medical or other training), (a)(4) (sentencing range available), (a)(5) (policy statements enumerated in the sentencing guidelines), and (a)(6) (avoidance of sentencing disparities). Conspicuously missing from this list of applicable statutory factors is 18 U.S.C. § 3553(a)(7), which is "the need to provide restitution to any victims of the offense." The result would appear to be that the supervised release statute does not authorize the Court to consider restitution when deciding whether to extend supervised release. It is not clear whether Congress intended to specifically exclude restitution as a factor for extending supervised release or if the omission was an oversight. The Court can find no case law or legislative history that would explain the omission. From a policy perspective, the exclusion of the restitution factor appears inconsistent with the otherwise broad discre-

---

1. West was initially sentenced by this Court on June 21, 1994. After a successful appeal on an issue not relevant to this decision, the D.C. Cir- cuit vacated West's sentence and instructed this Court to resentence him. *See United States v. West,* 56 F.3d 216 (D.C.Cir.1995).

tionary authority Congress vested in the Courts to extend supervised release. But, from a purely textual standpoint, the Court might not have the statutory authority to extend supervised release for defendants who have not defaulted on their restitution payments.

Even if the Court does have the authority, however, she declines to extend supervised release in this case. West is nearing the end of his five-year journey through the criminal justice system. He served his prison sentence and is only three months away from successfully completing his term of supervised release. During his time of supervision, West's restitution debt was reduced by nearly $50,000.00—either through payments by West or through seized assets—and committed no violations. The Court trusts that West will continue to meet his restitution obligation without the need for supervision. The Court had the option when she sentenced West of imposing a five-year term of supervised release, but deemed three years more appropriate. Nothing has occurred to change the Court's assessment of the appropriateness of West's sentence. While fully respecting the victims' interests in restitution, the Court finds that an extension of West's supervision at this time would amount to penalizing West for what is essentially full compliance with the terms of his sentence.

The Court recognizes that collection of restitution is an important goal, however, the government has statutory means other than extending supervised release within which to accomplish it. *See e.g., United States v. Porter,* 90 F.3d 64, 69 (2d Cir.1996) ("Once [the defendant's] supervised release is over, the outstanding portion of the restitution order is enforceable as if it were a civil judgment."). Moreover, even if the Court does extend West's supervised release, there is no guarantee that the government would be able to collect the nearly $75,000.00 in outstanding debt. If West paid $400.00 per month for twenty-four additional months, the restitution debt would be reduced by only $9,600.00. Thus, the government would still need to resort to civil remedies for collection of the restitution debt. The Court deems it unfair at best and smacking of an ex post facto law at worst to subject West to additional intrusive supervision in order to allow the government a two-year reprieve from statutory collection remedies.

### III. Conclusion

For the reasons expressed above, it is hereby

ORDERED that the request of the United States' Probation Office for a hearing to extend supervised release to provide for continued restitution payments is hereby denied, and it is further

ORDERED that assuming no violations or other matters are brought before the Court, Gary West shall be released from supervision upon expiration of the three-year term of supervised release imposed by this Court on August 30, 1995.

IT IS SO ORDERED.